IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LISA BARNES MCNEELY                                                                    PLAINTIFF

V.                                       NO. 5:06CV00226-WRW

ARKANSAS DEPARTMENT OF
CORRECTION, ET. AL.                                                                   DEFENDANTS

## AMENDED ORDER

Pending is Defendants' Motion to Dismiss (Doc. No. 12). Plaintiff has responded.[1]

Also pending are Plaintiff's Motions for Default Judgment (Doc. Nos. 21, 32), Motion for Settlement (Doc. No. 37), Motions for Summary Judgment (Doc. Nos. 40, 41), Motions to Compel (Doc. Nos. 44, 52), and Defendants' Motion for Extension of Time (Doc. No. 43), and Motion to Stay Discovery Pending a Ruling on the Motion to Dismiss (Doc. No. 50), and Motion for Substitution of Counsel (Doc. No. 48).

### I.  BACKGROUND

According to the Complaint, in July of 2003, Plaintiff applied for a position as an Internal Affairs Supervisor, but was refused an interview because the interviewer erroneously believed she was late for the interview. She contends that she was not interviewed because of race discrimination. A few weeks later, Plaintiff "faxed [a] complaint to Governor Mike Huckabee and to the Director of the ADC, Mr. Larry Norris" about the incident.[2]

In October 2005, Plaintiff applied for an Internal Affairs Investigator position at the Arkansas Department of Corrections and was not interviewed. She alleges that her not being

---

[1] Doc. Nos. 16, 24.

[2] Doc. No. 2.

1

interviewed was retaliation for previous complaints she'd made about discrimination at the ADC.

After filing a complaint with the EEOC and receiving a Right to Sue letter, Plaintiff filed a Complaint under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, alleging claims of race discrimination and retaliation.  Plaintiff asserts claims against the following Defendants: (1) Arkansas Department of Correction; (2) Larry Norris, personally and in his official capacity as Director of the ADC; (3) James Gibson, personally and in his official capacity as Internal Affairs Supervisor; (4) Kevin Murphy, personally and in his official capacity as Personnel Administrator; (5) Pamela Wilson, personally and in her official capacity as Assistant Human Resources Administrator; and (6) Mike Huckabee, personally and in his official capacity as Governor and "Overseer of Department Hiring Practices."[3]

## II.    MOTION TO DISMISS STANDARD

When considering a Rule 12(b)(6) Motion to Dismiss, all facts alleged in the complaint must be assumed as true and the complaint must be construed liberally in the light most favorable to the plaintiff.[4]  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of fact which would entitle the plaintiff to relief."[5]  "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations."[6]

---

[3]*Id*.

[4]*Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

[5]*Id.*

[6]*Springdale Education v. Springdale School*, 133 F.3d 649, 651 (8th Cir. 1998).

### III.   DISCUSSION

#### A.   EEOC Statute of Limitations

Defendants assert that this case should be dismissed based on the statute of limitations.

When pursuing a Title VII employment discrimination claim, a plaintiff has ninety days to file suit after receiving a Right to Sue Letter from the EEOC.[7] Plaintiff filed her complaint on August 30, 2006. Although she alleges in her complaint that she received her Right to Sue Letter on May 30, 2006, in her response to Defendants' Motion to Dismiss, Plaintiff asserts that she didn't receive the letter until June 1, 2006. To support her change in position, Plaintiff refers to the Right to Sue Letter, which has May 30, 2006 as its "Date Mailed."[8]

It appears to me that Plaintiff unintentionally stated in her complaint that she received the Right to Sue Letter on May 30, 2006. Considering the facts in a light most favorable to Plaintiff, and based on the Right to Sue Letter and Plaintiff's assertions, she likely received her Right to Sue letter on June 1, 2006. Since Plaintiff filed the Complaint within ninety days, Defendants' Motion to Dismiss based on the statute of limitations is DENIED.

#### B.   Individual Capacity Under Title VII

Supervisors may not be held individually liable under Title VII.[9] Accordingly, all "individual capacity" claims under Title VII against Defendants Norris, Gibson, Murphy, Wilson, and Huckabee are DISMISSED.

---

[7] 42 U.S.C. § 2000e-5(f)(1).

[8] Doc. No. 2.

[9] *Bonomolo-Hagen v. Clay Central-Everly Community School Dist.*, 121 F.3d 446, 447 (8th Cir. 1997).

## CONCLUSION

Based on the findings of fact and conclusions of law above, I rule as follows:

1. Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART (Doc. No. 12). Plaintiff's Title VII claims against Defendants in their individual capacity are dismissed; all other claims remain.

2. Plaintiff's Motions for Default Judgment (Doc. Nos. 21, 32) are DENIED.

3. Plaintiff's Motion for Settlement (Doc. No. 37) is DENIED, because the Court does not direct settlement conferences unless both parties express an interest in settlement.

4. Plaintiff's Motions for Summary Judgment (Doc. Nos. 40, 41) are DENIED without prejudice, since the motions are premature.

5. Plaintiff's Motions to Compel (Doc. Nos. 44, 52) is DENIED without prejudice, since the motions do not comply with Local Rule 7.2(g).

6. Defendant's Motion for Extension of Time (Doc. No. 43) and Motion to Stay Discovery Pending a Ruling on the Motion to Dismiss (Doc. No. 50) are DENIED as MOOT.

7. Defendants' Motion for Substitution of Counsel (Doc. No. 48) is GRANTED. Accordingly, Ms. Christine A. Boozer is substituted as counsel for Defendants, and Ms. Lori Freno is relieved as counsel.

8. Plaintiff is directed to file her EEOC charge, so that the record is complete.

IT IS SO ORDERED this 11th day of May, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE