**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LISA BARNES MCNEELY**                                                                          **PLAINTIFF**

**VS.**                                        **5:06CV00226-WRW**

**ARKANSAS DEPT. OF CORRECTION,** *et al.*                                        **DEFENDANTS**

<u>**ORDER**</u>

Pending are Plaintiff's and Defendants' Motions for Summary Judgment,[1] to which each

party has responded.[2]  Also pending are Defendants' Motion and Supplemental Motion to Stay

Discovery;[3] and Plaintiff's Motions for Judgment, to Compel, for Sanctions, for Default

Judgment, and to Terminate the Scheduling Order.[4]  Defendants have responded to Plaintiff's

motions.[5]  Plaintiff did not respond to Defendants' motions to stay.

**I.  Background**

Plaintiff, proceeding *pro se*, filed a complaint against the Arkansas Department of

Corrections, ("ADC") Larry Norris, James C. Gibson, Kevin Murphy, Pamela Wilson, and

Governor Mike Huckabee.

---

[1]Doc. Nos. 64, 65.

[2]Doc. Nos. 65, 70.

[3]Doc. Nos. 72, 74.

[4]Doc. Nos. 76, 77, 88, 95.

[5]Doc. Nos. 79, 83, 89, 94, 96.

Plaintiff alleges that in 2003 and 2005, she applied for a job with the internal affairs department and was never interviewed or considered due to her race, and in retaliation for previous complaints.

Plaintiff argues that she is entitled to summary judgment because she has presented evidence establishing a *prima facie* case.  Defendants counter that Plaintiff's actions fail as a matter of law, and are not supported by the facts.

## II.  Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[6]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[7]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[8]  Nevertheless, summary judgment promotes judicial economy by preventing trial in which no genuine issue of fact remains.[9]  I must view the facts in the light

---

[6]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[7]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[8]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[9]*Id.* at 728.

most favorable to the party opposing the motion.[10]  The Eighth Circuit has also set out the burden

of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
> then the respondent's burden to set forth affirmative evidence, specific facts,
> showing that there is a genuine dispute on that issue.  If the respondent fails to carry
> that burden, summary judgment should be granted.[11]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[12]

## III.  Authority

### A.  Failure to Hire

The same standards used to evaluate Title VII claims are the same for claims filed under

42 U.S.C. § 1983,[13] and for evaluating ACRA claims.[14]

---

[10]*Id.* at 727-28.

[11]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[12]*Anderson*, 477 U.S. at 248.

[13]*Moring v. Ark. Dep't of Corr.*, 243 F.3d 452, 455 (8th Cir. 2001); *Genosky v. Minnesota*, 244 F.3d 989, 993 (8th Cir. 2001); *Richmond v. Board of Regents*, 957 F.2d 595, 598 (8th Cir. 1992) (holding that burden of showing *prima facie* case of discrimination is the same under Title VII, as it is under § 1983); *Briggs v. Anderson*, 796 F.2d 1009, 1021 (8th Cir. 1986) (inquiry into intentional discrimination for individual actions brought under § 1983 is essentially the same as inquiry under Title VII ); *Craik v. Minnesota State Univ. Bd.*, 731 F.2d 465, 468 n. 5 (8th Cir. 1984) (holding that the issue of discriminatory intent is common to claims under Fourteenth Amendment, § 1983, and Title VII ).

[14]*Flentje v. First National Bank of Wynne*, 340 Ark. 563, 569 (2000) (applying the burden-shifting framework applied to Title VII cases).

When a summary judgment motion is filed, federal courts and Arkansas courts apply the *McDonnell/Douglas*[15] burden shifting analysis.[16]  Under this analysis, a plaintiff is required to establish a *prima facie* case, the burden then shifts to a defendant to provide a legitimate explanation for its actions.  Once a defendant offers a legitimate explanation -- it is up to a plaintiff to rebut the explanation, and to produce sufficient evidence that the explanation is a pretext for discrimination.[17]

To establish her *prima facie* case for discriminatory failure to hire under Title VII, ACRA, and § 1983,  Plaintiff must show: (1) that she belongs to a racial minority; (2) that she applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite her qualifications, she was rejected; and (4) the employer hired someone from outside the protected class.[18]

Once the plaintiff establishes her *prima facie* case, a defendant may rebut it by articulating one or more legitimate, nondiscriminatory reasons for its decision to hire another candidate.[19]  The validity of the employer's explanation does not need to be shown by a preponderance of the evidence.[20]  Federal courts are reluctant to become super-personnel

---

[15]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[16]*Flentje*, 340 Ark. at 569; *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (2007).

[17]*McGinnis*, 496 F.3d at 873.

[18]*Arrakeg v. County of* Ramsey, 461 F.3d 967, 975 (8th Cir. 2006);*Chambers v. Wynne School District*, 909 F.2d 1214,1216 (8th Cir. 1990).

[19]*Pope v. ESA Serv., Inc*., 406 F.3d 1001, 1007 (8th Cir. 2005).

[20]*Floyd v. Mo. Dept. of Soc. Servs*., 188 F.3d 932, 936 (8th Cir. 1999).

departments and second guess the wisdom and fairness of business decisions.[21]  Once the

employer presents its explanation, a plaintiff must then produce sufficient evidence showing that

the explanation being offered is not the real reason for its decision.[22]  A plaintiff may rebut an

employer's explanation if she produces evidence that the employer hired someone less qualified

than her.[23]  If a plaintiff cannot show that a less qualified applicant was hired, as opposed to an

equally qualified candidate, her claim will fail.[24]

### B.  Retaliation

In a Title VII retaliation claim, Plaintiff establishes her *prima facie* case by showing that:

(1) she engaged in protected conduct by either opposing an act of discrimination made unlawful

by Title VII or participating in an investigation under Title VII; (2) she suffered an adverse

employment action; and (3) the adverse action was causally linked to the protected conduct.[25]

When the gap between protected activity and adverse employment action is measured in

---

[21]*Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995).

[22]*Wallace v. DTG Operations, Inc.*, 442 F.3d 1112, 1120 (8th Cir. 2006).

[23]*Kincaid v. City of Omaha*, 378 F.3d 799 (8th Cir. 2004).

[24]*Lidge-Myrtil v. Deere & Co.*, 49 F.3d 1308, 1311 (8th Cir. 1995) (finding that even though a plaintiff has the experience and some of the qualities essential for success in the position, this does not suffice to raise an inference that the employer's explanation for giving the position to another is a pretext for discrimination.); *Pierce v. Marsh*, 859 F.2d 601, 604 (8th Cir. 1988) (holding that the existence of comparable qualifications between two applicants, one black male and one white female does not raise an inference of discrimination).

[25]*Singletary v. Mo. Dept. of Corr.*, 423 F.3d 886, 892 (8th Cir. 2005).

years, not months, there is not an adequate causal connection between the protected activity and the adverse action *as a matter of law*.[26]

## III.  Discussion

### A.  Title VII

Plaintiff presented sufficient evidence to establish her failure to hire *prima facie* case. She is a member of a protected group, she was qualified for the position, she was not hired, and a white male was hired in her place.  Plaintiff's qualifications included a bachelor's degree in criminal justice, and previous experience working for the ADC as an administrative review officer from 1992 through 1995.[27]   Defendants conceded that Plaintiff was qualified.  However, Defendants provided a legitimate reason for their decision.  According to a human resources administrator, the successful candidate, Michael Brockman, was a chief deputy for the sheriff's department and had over 400 hours of Arkansas law enforcement training.[28]

The minimum qualifications for the job included: "the formal education or *equivalent* of an associate degree in criminal justice, police/law enforcement/correction technology, or a related field, plus four years' experience in law enforcement. . ."[29]  Mr. Brockman had the equivalent to Plaintiff's education due to his work experience and training.

---

[26]*Ross v. Kansas City Power & Light Co*., 293 F.3d 1041, 1051 (8th Cir. 2002); see also *Dhyne v. Meiners Thriftway, Inc*.,184 F.3d 983, 989 (8th Cir. 1999) ( holding that a four month gap weakens inference that retaliation occurred).

[27]Doc. No. 64.

[28]Doc. No. 66, Ex. B.

[29]Doc. No. 64, p. 42.

Even though Plaintiff established her *prima facie* case, she has not provided evidence of discriminatory motive.  In order to show that the choice of Mr. Brockman was the product of discrimination, Plaintiff must rebut the explanation offered by the ADC for choosing him.  At best, Plaintiff shows that she was *as* qualified -- not more qualified than Mr. Brockman.  This is not sufficient to create a question of fact that Defendants' explanation is a pretext for discrimination, or that she was denied equal protection.[30]  In other words, it is not a question for a jury.

### B.  Retaliation

Plaintiff does not meet her *prima facie* case for her retaliation claim.

An essential element of a retaliation claim is causation.  Plaintiff must produce evidence that establishes a connection between the 2003 grievance and the alleged adverse action.  Plaintiff offers her own conclusory statements that she filed a grievance in 2003 and was not hired in 2005 in retaliation for filing this grievance.  Two years elapsed between the protected activity and Plaintiff's job rejection.  This is not enough in itself to show a retaliatory motive.  Two years is too long to create a connection under the facts of this case.[31]  Therefore, Plaintiff's retaliation claim does not raise a jury question.

### IV.  Conclusion

Applying the burden-shifting analysis to each of Plaintiff's claims under Title VII and ACRA, and applying the same standards to her 42 U.S.C. § 1983 claims based on violation of her First and Fourteenth Amendment rights -- Plaintiff failed to raise a genuine issue of fact as to

---

[30]*Pierce*, 859 F.2d at 604.

[31]*Ross*, 293 F.3d at 1051.

whether she is a victim of discrimination and retaliation, and whether her constitutional rights to free speech and equal protection were denied.

Accordingly, Defendants' Motion for Summary Judgment (Doc. No. 65) is GRANTED and Plaintiff's Motion for Summary Judgment (Doc. No. 64) is DENIED.  Defendants' Motion and Supplemental Motion to Stay Discovery (Doc. Nos. 72, 74) are DENIED as moot; and Plaintiff's Motion for Judgment (Doc. No. 76) is DENIED; Plaintiff's Motion to Compel and for Sanctions  (Doc. No. 77) is DENIED; Plaintiff's Motion for Default Judgment (Doc. No. 88) is DENIED; and Plaintiff's Motion to Amend the Scheduling Order Deadlines (Doc. No. 95) is DENIED as moot.

IT IS SO ORDERED this 10th day of December, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE